http://www.va.gov/vetapp16/Files6/1644952.txt

Citation Nr: 1644952 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 12-35 361 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to service connection for a bilateral eye disorder.

2. Entitlement to service connection for flat feet.

3. Entitlement to service connection for hypertension

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

M. Purdum, Counsel

INTRODUCTION

The Veteran served on active duty from September 1974 to September 1976. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) which denied the claims on appeal.

In February 2015, the Board remanded this case for additional development. The file has now been returned to the Board for further consideration.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

At the time of the Board's February 2015 remand, it noted that the Veteran reported, in January 2015, that there were outstanding VA treatment records from the Gainesville VA Medical Center (VAMC). The Board also noted that it appeared that the Veteran had received treatment at the Wadsworth and Sepulveda VA treatment facilities in California, as he reported such in an April 2014 Report of Contact. The Board directed the AOJ to obtain the Veteran's outstanding VA treatment records.

The AOJ obtained and associated with the claims file the Veteran's updated VA treatment records from VA treatment facilities in Florida. There is no indication that the AOJ sought any VA treatment records from any VA facilities in California. In a May 2015 letter, the AOJ informed the Veteran that they had determined that his service treatment records from Wadsworth/Sepulveda West Los Angeles were unavailable for review and cited that a May 2015 complete and thorough search of the Capri Records Systems and Vista Records System for service treatment records at Wadsworth/Sepulveda West Los Angeles that returned no records.

Review of the claims file is silent for any AOJ efforts to obtain the Veteran's VA treatment records from any facilities in California. It does not appear that there is a negative reply from any such facility. It is significant that the AOJ, in the May 2015, referred to the Veteran's outstanding VA treatment records as his service treatment records and such may explain why such records were not located. The Veteran's representative, in the September 2016 Informal Hearing Presentation (IHP), inquired as to whether the Veteran's outstanding VA treatment records had indeed been requested.

On remand, the AOJ should attempt to obtain and associate with the Veteran's claims file his outstanding VA treatment records from the cited VA facilities in California, as well as his updated VA treatment records dated since May 2015, and record all efforts to secure such in the claims file. 

The Board, in the February 2015 remand, also determined that a VA examination was warranted in order to determine if any eye disability found present, beyond that of any refractive error, is related to service, specifically, to his in-service eye treatment. In a June 2015 opinion, a VA examiner opined that the Veteran's eye disabilities were not related to service, and reasoned that the Veteran's dry eye, history of iritis, glaucoma suspect, and blepharitis, are not conditions that had an onset during service or were caused by any incident of service. The February 2015 opinion is inadequate, as the examiner did not include any rationale or reasoning, considering the Veteran's in-service eye treatment, for the etiological opinion. On remand, the AOJ should obtain an adequate addendum opinion.

Accordingly, the case is REMANDED for the following action:

1. Make arrangements to obtain the Veteran's outstanding VA treatment records from the Gainesville VA treatment facility, dated since May 2015; as well as his complete treatment records from the Wadsworth and Sepulveda VA treatment facilities in California. All efforts to obtain such records should be documented in the claims file. If additional information from the Veteran as to the precise dates and locations of his claimed treatment at VA facilities in California is needed, so contact the Veteran.

2. Thereafter, forward the claims file to the VA examiner who conducted the June 2015 VA examination and who offered the inadequate etiological opinion, or a suitable substitute. If any examiner determines that additional examination of the Veteran is required, so schedule the Veteran. The claims folder should be made available to the examiner for review in conjunction with the examination.

For any current eye/visual disorder that is not considered to be refractive error, the examiner should provide an opinion as to whether it is at least as likely as not (i.e., a probability of 50 percent or greater) that it had its clinical onset during active service or is related to any incident of service. In providing this opinion, the examiner should consider the service treatment records showing medical care provided for the eyes.

The examiner should provide a rationale for all opinions expressed. 

3. Then, after ensuring any other necessary development has been completed; readjudicate the Veteran's claims. If any action remains adverse to the Veteran, provide the Veteran and his representative with a Supplemental Statement of the Case (SSOC) and allow the Veteran an appropriate opportunity to respond thereto. Thereafter, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).

_________________________________________________
P.M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).